UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES OTIS SMITH | CIVIL ACTION |
| VERSUS | NO. 06-4095 |
| MARLIN GUSMAN | SECTION: "K" (3) |

**O R D E R**

On March 23, 2007, the Court entered judgment against plaintiff. Rec. Doc. 20. Plaintiff did not appeal.

On or after June 21, 2007, plaintiff signed and filed a document entitled "Plaintiff's Opposition to Magistrate Judge's Recommendation." Rec. Doc. 21. However, no recommendation was issued in this case. Rather, the undersigned United States Magistrate Judge entered judgment pursuant to 28 U.S.C. § 636(c). Accordingly, the Court will liberally construe plaintiff's recent filing as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b).

Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Plaintiff has failed to demonstrate the existence of any of the conditions set forth in Rule 60(b) so as to warrant relief from judgment.  Further, he has not demonstrated that this Court's factual findings and legal conclusions were incorrect or otherwise deficient.  Moreover, this Court is unaware of any errors in its findings or conclusions.  If plaintiff believed the Court erred in this matter, his recourse was to file a timely appeal.  He did not do so, and "a Rule 60(b) motion may not be used as a substitute for the ordinary process of appeal once the appeal period has passed." *In re Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984).

Accordingly, for all of the foregoing reasons, plaintiff's motion is **DENIED**.

New Orleans, Louisiana, this third day of July, 2007.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**